# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>TEAMLYDERS, LLC, D/B/A TACO BELL, SUNDANCE, INC., D/B/A TACO BELL, BLACK RIVER BELLS, LLC, TEAMLYDERS PAYROLL, INC., OLD WEST PROPERTIES, L.L.C., LONESOME HIGHWAY, INC.,<br><br>        Defendants. | CASE NO. 25-cv-10575<br><br><br>COMPLAINT<br>AND JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and retaliation, and to provide appropriate relief to Charging Party Lavanche Morgan-Bethay and all aggrieved female employees, who are or were employed at Defendants' Michigan Taco Bell restaurants and experienced sexual harassment by Defendants' Area Coach. As alleged with greater

particularity below, the Equal Employment Opportunity Commission (the "Commission") alleges that Teamlyders, LLC, Sundance, Inc., Black River Bells, LLC, Teamlyders Payroll, Inc., Old West Properties, L.L.C, and Lonesome Highway, Inc. (collectively "Defendants" or "Teamlyders") violated Title VII by creating and maintaining a sexually hostile work environment and by retaliating against Charging Party Lavanche Morgan-Bethay after she reported the Area Coach's sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

4.      Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      At all relevant times, Defendant Teamlyders, LLC, d/b/a Taco Bell, has continuously been doing business in the State of Michigan, is headquartered in Brighton, Michigan, and has continuously had at least 15 employees.

6.      At all relevant times, Defendant Teamlyders, LLC, d/b/a Taco Bell, has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7.      At all relevant times, Defendant Sundance, Inc., d/b/a Taco Bell, has continuously been doing business in the State of Michigan, is headquartered in Brighton, Michigan, and has continuously had at least 15 employees.

8.     At all relevant times, Defendant Sundance, Inc., d/b/a Taco Bell, has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

9.     At all relevant times, Defendant Black River Bells, LLC, has continuously been doing business in the State of Michigan, is headquartered in Brighton, Michigan, and has continuously had at least 15 employees.

10.     At all relevant times, Defendant Black River Bells, LLC, has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

11.     At all relevant times, Defendant Teamlyders Payroll, Inc., has continuously been doing business in the State of Michigan, is headquartered in Brighton, Michigan, and has continuously had at least 15 employees.

12.     At all relevant times, Defendant Teamlyders Payroll, Inc., has continuously been an employer engaged in an industry affecting

commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §
2000e(b), (g) and (h).

13.   At all relevant times, Defendant Old West Properties,
L.L.C., has continuously been doing business in the State of Michigan,
is headquartered in Brighton, Michigan, and has continuously had at
least 15 employees.

14.   At all relevant times, Defendant Old West Properties,
L.L.C., has continuously been an employer engaged in an industry
affecting commerce under Section 701(b), (g) and (h) of Title VII,
42 U.S.C. § 2000e(b), (g) and (h).

15.   At all relevant times, Lonesome Highway, Inc., has
continuously been doing business in the State of Michigan, is
headquartered in Brighton, Michigan, and has continuously had at
least 15 employees.

16.   At all relevant times, Defendant Lonesome Highway, Inc.,
has continuously been an employer engaged in an industry affecting
commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §
2000e(b), (g) and (h).

17.     At all relevant times, Defendants have operated a single employer or integrated enterprise by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations. For example:

a.  Peter Lyders-Petersen and Clint Lyders-Petersen own and operate Taco Bell restaurants throughout the Midwest, including but not limited to Taco Bell restaurants in the cities of Canton, Dearborn, Romulus, and Ypsilanti, Michigan.

b.  Peter Lyders-Petersen and Clint Lyders-Petersen are Defendants' sole corporate officers and directors.

c.  Defendants all share the same corporate headquarters located at 7915 Kensington Ct., Brighton, MI 48116.

d.  Defendants use the same human resources and payroll written policies and procedures, such as an employee handbook, time and attendance policy, and harassment policy.

e.  Defendants' human resources employees represent themselves as working for all Defendants. For example, an HR manager's email address identified her as a Teamlyders Payroll,

Inc., employee while another HR employee identified herself as a Sundance employee.

f.   Defendants' human resources and upper management staff used teamlyders.com email addresses.

g.   Defendants' Area Coach and City Leader worked and supervised Defendants' employees across multiple Michigan Taco Bell restaurants that are owned and operated by Defendants.

## ADMINISTRATIVE PROCEDURES

18.   More than thirty (30) days prior to the institution of this lawsuit, Lavanche Morgan-Bethay filed a charge with the Commission alleging violations of Title VII by Teamlyders.

19.   On or about June 28, 2024, the Commission issued to Teamlyders a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Teamlyders to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

20.    The Commission engaged in communications with Teamlyders to provide Teamlyders the opportunity to remedy the discriminatory practices described in the Letter of Determination.

21.    On September 19, 2024, the Commission issued to Teamlyders a Notice of Failure of Conciliation, advising Teamlyders that the Commission was unable to secure from Teamlyders a conciliation agreement acceptable to the Commission.

22.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS
### Title VII (Hostile Work Environment)

23.    Since at least December 2021 through August 2022, Defendants engaged in unlawful employment practices at their Michigan Taco Bell restaurants in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by allowing an Area Coach to sexually harass female employees under his supervision and failing to take prompt and remedial action after receiving complaints from employees, supervisors, and managers. The Area Coach's sexual harassment included:

8

a.  Making unwanted inappropriate sexual comments to female
employees who were employed at Defendants' Taco Bell
restaurants in Canton and Romulus, Michigan. Examples include
asking underage female employees if they were sexually active or
had boyfriends, asking an underage female employee if she would
"give him sugar [i.e. sex]" when she turns 18, and asking another
female employee if she was "cheating" on him.

b.  Making unwanted comments regarding female employees'
bodies, including their breast size and facial features.

c.  Unwanted touching of female employees, including touching
a female employee's stomach, touching another female employee's
hair, brushing against a female employee's breasts, pulling down a
teenage female employee's work shirt while touching her waist
and stomach, unwanted touching of a teenage female employee's
shoulders, and unwanted touching of a teenage female employee's
upper thigh/buttocks.

d.  Requesting that a female assistant general manager send
him videos and pictures of her having sex with her boyfriend.

9

24.     Several female employees complained to their direct supervisors about the Area Coach's conduct.

25.     On or about June 3, 2022, Defendants' Human Resources Manager interviewed four female employees at Defendants' Canton, Michigan Taco Bell restaurant who confirmed the Area Coach's harassing conduct.

26.     Yet, Defendants did not take prompt and remedial action and instead allowed the Area Coach to continue to work and sexually harass its female employees, including female employees under age 18.

27.     On or about August 22, 2022, Defendants fired the Area Coach for "improper cash handling" and "inappropriate physical contact with a fellow employee."

28.     The unlawful employment practices complained of in paragraph 22-26 were intentional and comprised of a severe or pervasive hostile work environment based on sex (female).

29.     The unlawful employment practices complained of in paragraph 22-26 were done with malice and with reckless indifference to the federally protected rights of all aggrieved female employees who

work or worked at Defendant's Michigan Taco Bell restaurants supervised by the Area Coach.

30.     The effect of the practices described in paragraph 22-26 was to deprive all aggrieved female employees who work or worked at Defendants' Michigan Taco Bell restaurants of equal employment opportunities and otherwise adversely affect their status as an employee, because of their sex (female).

## Title VII (Retaliation)

31.     The Commission incorporates by reference the allegations set forth in preceding paragraphs.

32.     Defendants further violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by firing Charging Party Lavanche Morgan-Bethay after she engaged in protected activity.

33.     In November 2021, Defendants hired Charging Party Lavanche Morgan-Bethay as an assistant general manager at its Canton, Michigan Taco Bell restaurant.

34.     On or about February of 2022, Defendants assigned the male Area Coach to supervise several Taco Bell restaurants, including the Canton, Michigan restaurant.

35.    On May 25, 2022, after receiving sexual harassment complaints from female crew members and witnessing the Area Coach's inappropriate behavior, Morgan-Bethay reported the Area Coach's sexual harassment of Defendants' female employees to Defendants' Security Manager.

36.    On June 1, 2022, Morgan-Bethay reported to Defendants' City Leader that the Area Coach was sexually harassing female employees.

37.    Defendants' City Leader fired Morgan-Bethay the same day that she reported the sexual harassment.

38.    The effect of Defendants' firing Morgan-Bethay the day she opposed and complained of the Area Coach's sexual harassment and hostile work environment were to retaliate against her for engaging in protected activity, in violation of Title VII.

39.    The effect of the practices described in paragraphs 31 through 38 was to deprive Morgan-Bethay of equal employment opportunities and otherwise adversely affect her status as an employee, because of her protected activity.

40.    The effect of the practices complained of in paragraphs 31 through 38 was to dissuade Defendants' employees from complaining of sexual harassment and a hostile work environment.

41.    The unlawful employment practices complained of in paragraphs 31 through 38 were intentional.

42.    The unlawful employment practices complained of in paragraphs 31 through 38 were done with reckless indifference to the federally protected rights of Morgan-Bethay.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from maintaining a hostile work environment on the basis of sex (female).

B. Order Defendants to institute and carry out policies, practices, and programs which provide a workplace free of sexual harassment and eradicate the effects of their past and present unlawful employment practices.

13

C. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees who complain about or report sexual harassment.

D. Order Defendants to institute and carry out policies, practices, and programs which ensure employees who engage in protected activity are protected from retaliation.

E. Order Defendants to make whole Charging Party Lavanche Morgan-Bethay and aggrieved female employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

F. Order Defendants to make whole Charging Party Lavanche Morgan-Bethay and aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above.

G. Order Defendants to make whole Charging Party Lavanche Morgan-Bethay and aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting

from the unlawful practices described above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendants to pay Charging Party Lavanche Morgan-Bethay and aggrieved female employees punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

KENNETH L. BIRD
Regional Attorney

OMAR WEAVER
Assistant Regional Attorney

*/s/ Diana Marin*
Diana E. Marin (P81514)
Trial Attorney
DETROIT FIELD OFFICE
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0057
diana.marin@eeoc.gov

Dated: February 28, 2025