UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

v.

TEAMLYDERS, LLC et al,

       Defendants.
_____/

Case No. 25-cv-10575

HON. MARK A. GOLDSMITH

## OPINION & ORDER GRANTING MOTION TO INTERVENE (Dkt. 9)

This is an employment discrimination case that the Plaintiff the Equal Employment Opportunity Commission (EEOC), brought against the following Defendants: (i) Teamlyders, LLC d/b/a Taco Bell, (ii) Sundance, Inc., d/b/a Taco Bell, (iii) Black River Bells, LLC, (iv) Teamlyders Payroll, Inc., (v) Old West Properties, LLC, and (vi) Lonesome Highway, Inc. (together, Defendants). See Compl. (Dkt. 1). The complaint explains that Defendants, collectively, "[a]t all relevant times, … operated a single employer or integrated enterprise by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations." Id. at PageID.6.

The EEOC brought its claims against Defendants under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3) and under Title I of the Civil Rights Act of 1991 (Title I), 42 U.S.C. § 1981a. The complaint sets forth the EEOC's reason for its suit as follows: "to correct unlawful employment practices on the basis of sex (female) and retaliation, and to provide appropriate relief to Charging Party Lavanche Morgan-Bethay and all aggrieved female employes, who are or were employed at Defendants' Michigan Taco Bell restaurant and

experienced sexual harassment by Defendants' Area Coach." Compl. at PageID.2. The EEOC alleges that the "Area Coach," further discussed below "worked and supervised Defendants' employees across multiple Michigan Taco Bell restaurants owned and operated by Defendants." Id. at PageID.7.

Non-party Morgan-Bethay moves to intervene in this case. Mot. to Intervene (Dkt. 9). Defendants filed a brief in opposition to intervention (Dkt. 41), Morgan-Bethay filed a reply (Dkt. 41) and she later filed a notice of supplemental authority (Dkt. 46). For the reasons set forth below, the Court grants the motion to intervene.

## I.  BACKGROUND

Morgan-Bethay worked at Defendants' Taco Bell restaurant in Canton, Michigan. Proposed Intervenor Compl. at PageID.54 (Dkt. 9-1). She was 27 years old at the time, and many of her colleagues were teenage girls. Id. Reginald Pettiway, Taco Bell's "Area Coach," was her supervisor. Id. Morgan-Bethay observed Pettiway make sexually-charged comments and nonconsensual physical contact with Morgan-Betay's young female colleagues, some of whom complained to her. Id. at PageID.55.

Morgan-Bethay reported Pettiway's behavior to Defendants' "Security Manager," and to Kimberly Stevens, who was Defendants' "Market Coach." Id. at PageID.56–57. To Morgan-Bethay's surprise, Stevens terminated her effective immediately upon making the report. Id. Morgan-Bethay argues that the Defendants retroactively inserted records into her personnel file, which falsely stated that she was tardy and absent, to justify the termination. She argues that the termination was retaliatory. Id. at PageID.58.

2

Morgan-Bethay seeks to pursue both federal and state-law sexual harassment claims and federal and state-law retaliation claims.[1] Id. Morgan-Bethay argues that she has a right to intervene in this case under 42 U.S.C. § 2000e-5(f)(1)[2] and under Federal Rule of Civil Procedure 24, which governs intervention. See Mot.

In response, Defendants argue that the Court should deny Morgan-Bethay's motion. First, they argue that Morgan-Bethay's Title VII hostile work environment claim is "procedurally improper" because it goes beyond the scope of the claims that the EEOC itself brought in this case. Resp. at PageID.429–430. Second, they argue that the Court should bar Morgan-Bethay's Title VII sexual harassment claim because she did not obtain an EEOC right-to-sue letter for that claim, which is a prerequisite to suit. Id. at PageID.430–432. Third, they argue that Morgan-Bethay's proposed state-law claims fail to satisfy the permissive intervention standard under the Federal Rules of Civil Procedure. Id. at PageID.433–434. Lastly, Defendants argue that Morgan-Bethay's state law claims are time-barred based on an "Employment-At-Will and Arbitration Agreement" that she signed, which contained a shortened contractual limitation period. Id. at PageID.434–438.

## II. ANALYSIS

### A. Scope of Intervention

Defendants argue that the Court should deny Morgan-Bethay's proposed Title VII hostile work environment claim because it goes beyond the scope of the claims that the EEOC itself advanced in this case. Resp. at PageID.429–430. Defendants argue that the scope of the existing case involves: "aggrieved female employees who work or worked at Defendants' Michigan Taco

---

[1] The federal claims are pursuant to Title VII. Proposed Intervenor Compl. at PageID.61, 63. The state-law claims are pursuant to the Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2701. Id. at PageID.59, 62.

[2] 42 U.S.C. § 2000e-5(f)(1) states: "…the person or persons aggrieved shall have the right to intervene in a civil action brought by the [E.E.O.] Commission…" Id.

3

Bell restaurants," and that Morgan-Bethay's own hostile work environment arguments go beyond that scope. Resp. at PageID.430 (quoting Compl. ¶ 30). Defendants cite two out-of-circuit cases in support of their argument.

One of the cases is Equal Emp. Opportunity Comm'n v. Woodmen of World Life Ins. Soc., 330 F. Supp. 2d 1049, 1055 (D. Neb. 2004), but it does not support Defendants' position. In Woodmen, a putative intervenor sought to intervene in an EEOC employment discrimination case, seeking to bring several cross-claims for which no EEOC charges were already filed. Id. The defendant in the case opposed the intervention on the grounds that the claims exceeded the scope of the existing complaint. Id. at 1054. The court disagreed and permitted the intervention, finding that the proposed additional claims "merely present[ed] additional facts" and "relate[d] to an issue already squarely before the court." Id.

The second case the Defendants rely on for their scope-related argument is United States v. Policia de Puerto Rico, 283 F.R.D. 69, 70 (D.P.R. 2012). In that case, the Government's EEOC complaint was predicated on a retaliation charge. Id. A complainant sought to intervene and bring claims already asserted by the EEOC as well as "supplemental law claims under assorted Puerto Rican statutes." Id. Ultimately, the court disallowed the intervention on several bases, including, "of first importance," timeliness of the motion for intervention and because the "various Puerto Rico" statutes "substantially complicate[d]" the issues already before the Court by involving different law and an expanded time frame. Id. at PageID.72–73.

Both of these cases are distinguishable. Here, Morgan-Bethay argues that the additional federal and state-law claims are within the scope of the existing case because they arise under the same set of facts that the EEOC is already relying on in its complaint. Reply at PageID.464–465. She is correct. Both the EEOC's claims and Morgan-Bethay's proposed claims arise out of the

4

Taco Bell Area Coach's sexually-charged comments and behaviors towards Morgan-Bethay's younger female colleagues and both sets of claims involve the same time period. Compl., PageID.8; Proposed Intervenor Compl. at PageID.55. The proposed complaint does not expand the scope in either subject matter or time. Rather, her proposal contains only more specific facts arising from the same behavior complained of in the original complaint. As in Woodmen, Morgan-Bethay seeks to address points related to issues already "squarely" before the Court.

Additionally, this case is distinguishable from Policia de Puerto Rico in that, as further discussed below, the timeliness of the motion for intervention is not an issue here. Additionally, unlike Policia de Puerto Rico, the state-law claims Morgan-Bethay seeks leave to bring do not expand the legal issues before the Court with any significance. Nor does Morgan-Bethay seek to expand the relevant time period already in the current case. The Court rejects Defendants' arguments that Morgan-Bethay's proposed claims would impermissibly expand the scope of the existing case.

### B. Right-to-Sue Letter

Defendants next argue that Morgan-Bethay's failure to obtain a right-to-sue letter before filing her motion to intervene is fatal to her proposed Title VII claims. Resp. at PageID.431. Morgan-Bethay argues that Portis v. State of Ohio, 141 F.3d 632 (6th Cir. 1998) forecloses this argument. Reply at PageID.468. The Court agrees with Morgan-Bethay.

In Portis, the plaintiff worked for the State of Ohio as a juvenile corrections officer. She sued her employer, alleging sex discrimination and harassment under Title VII. Id. at 634. The district court dismissed the plaintiff's federal claims because she had not exhausted her administrative remedies; specifically, she had not filed an EEOC charge or obtained a right to sue letter before she filed her case. Id. On appeal, the Sixth Circuit reversed the district court's

5

dismissal. It explained that the plaintiff obtained her right-to-sue letter the week after she filed the complaint, which the court of appeals found to be a minimal period such that the premature filing of suit was not a fatal defect. It stated: "We see no reason to bar [the plaintiff's] claim solely on the grounds of a non-jurisdictional requirement whose brief absence caused [the defendant] no prejudice in this case." Id. at 635 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

Morgan-Bethay obtained a right-to-sue letter soon after she filed the motion to intervene. She attached the EEOC's right-to-sue letter to her reply brief. See 5/16/25 Notice of Rights Ltr. at PageID.492–495. This sequence of the filing of suit followed promptly by receipt of a right-to-sue letter can hardly be said to have prejudiced Defendants, who were already parties to the lawsuit at that time and were familiar with the allegations in the case. As discussed above, Morgan-Bethay's proposed claims do not expand that scope. Accordingly, the Court rejects Defendants' argument that Morgan-Bethay's filing suit without first having in hand a right-to-sue letter should bar her claims.

### C. Rule 24(b) Permissive Intervention

Defendants argue that the Court should not permit Morgan-Bethay's proposed state-law claims under Federal Rule of Civil Procedure 24(b), which states, in relevant part:

> (1) On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> …
>
> (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The Sixth Circuit explains that the district court has discretion to grant a motion under Rule 24(b), "so long as the motion for intervention is timely and there is at least one common question of law or fact[.]" Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000). Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed. United States v. Michigan, 424 F.3d 438, 445 (6th Cir. 2005). Additionally, the Rule 24(b) factors "should be broadly construed in favor of potential intervenors." Stupak-Thrall 226 F.3d at 472 (internal quotation omitted).

### 1. Timeliness

The threshold issue for intervention is the timeliness of the motion to intervene. See Rule 24(a), (b). The Sixth Circuit has explained:

> In evaluating timeliness, we consider: (1) the point to which the suit has progressed; (2) for what purpose intervention is sought; (3) the length of time preceding the motion during which the intervenor knew or reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the intervenor's failure to seek intervention sooner after recognizing her interest was implicated; and (5) any unusual circumstances weighing for or against intervention. See id. at 284. No single factor is determinative; instead, timeliness should be evaluated in the context of all relevant circumstances.

Equal Emp. Opportunity Comm'n v. R.G. & G.R. Harris Funeral Homes, Inc., No. 16-2424, 2017 WL 10350992, at *1 (6th Cir. Mar. 27, 2017) (punctuation modified). The Court further explained, when evaluating timeliness, the "more critical factor is what steps occurred along the litigation continuum during this period of time." Id. (emphasis in original).

Here, the timeliness of Morgan-Bethay's motion is a straightforward, non-controversial issue. The EEOC filed the complaint on February 28, 2025 and served Defendants on March 31, 2025. Compl. Morgan-Bethay filed her motion to intervene on March 12, 2025—just 12 days after

7

the EEOC filed the complaint and just 9 days after service. No significant activity transpired in this case in that time. This short timeframe weighs in favor of allowing the intervention.

### 2. The Other Factors

The Court next must examine whether the proposed intervenor presents a common question of law or fact. Buck v. Gordon, 959 F.3d 219, 223 (6th Cir. 2020). Morgan-Bethay has done so. As discussed above, Morgan-Bethay's claims overlap almost entirely with the already pending case; indeed, she was the original complainant who brought the allegations to the EEOC's attention. This factor weighs in favor of intervention.

As for undue delay and prejudice, there is no risk of either. The case is in its early stages, and, because of the significant overlap in the issues that Morgan-Bethay proposes bringing, it promotes judicial efficiency to have the issues determined in the same proceeding.

In addition, granting intervention here adheres to the Supreme Court's instruction finding that the public interest is served by allowing an aggrieved person to intervene in an EEOC enforcement action:

> The aggrieved person may […] intervene in the EEOC's enforcement action. These private-action rights suggest that the EEOC is not merely a proxy for the victims of discrimination and that the EEOC's enforcement suits should not be considered representative actions subject to Rule 23. Although the EEOC can secure specific relief, such as hiring or reinstatement, constructive seniority, or damages for backpay or benefits denied, on behalf of discrimination victims, the agency is guided by "the overriding public interest in equal employment opportunity . . . asserted through direct Federal enforcement." 118 Cong.Rec. 4941 (1972). When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.

Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n, 446 U.S. 318, 326 (1980).

Accordingly, the Court grants Morgan-Bethay's motion to intervene.

### D. Contractual Shortening of Limitations Period

Defendants lastly argue that Morgan-Bethay's state-law sex discrimination claims are time-barred. Morgan-Bethay signed an agreement when she began working for Defendants, entitled the "Employment At-Will and Arbitration Agreement." That document purports to contractually shorten the limitations period for Morgan-Bethay's state-law claims to a 180-day period. See Emp. Agreement at PageID.443–445 (Dkt. 41-1).

Morgan-Bethay argues that the case Rayford v. Am. House Roseville I, LLC, which was pending before the Michigan Supreme Court at the time of her filing, would render shortened limitations periods in employment contracts unenforceable. Reply at PageID.468–469. Morgan-Bethay filed a supplemental brief explaining that on July 31, 2025, the Michigan Supreme Court issued an opinion in that case, which she believes applies here. See Rayford v. American House Roseville I, No. 163989, 2025 WL 217754 (Mich. July 31, 2025).

The Court need not decide this issue now. The issue before the Court is Morgan-Bethay's motion to intervene, which the Court has now granted. If Defendants wish to raise an issue regarding statute of limitations or contractual limitations, they are free to do so by way of their own motion. Morgan-Bethay must file her complaint within seven days; any response must be filed 21 days after service of the complaint.

### III. CONCLUSION

For the reasons explained above, the Court grants the motion to intervene (Dkt. 9).

**SO ORDERED.**

Dated: September 11, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2025.

                                                  s/Joseph Heacox
                                                  JOSEPH HEACOX
                                                  Case Manager